UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER HOWARD SAYLOR,

    Plaintiff,

v.                      Case No. 8:25-cv-19-VMC-AEP

STATE FARM AUTOMOBILE INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to the Tenth Judicial Circuit, in and for Polk County, Florida.

**Discussion**

This action was removed to this Court from the Tenth Judicial Circuit, in and for Polk County, Florida on January 3, 2025, on the basis of diversity jurisdiction. (Doc. # 2). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires among other things that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence

1

relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 2-1 at ¶ 1) ("This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court.)"). Instead, State Farm relied on the facts within the complaint, the pre-suit demand letter, and the applicable policy limit to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. (Doc. # 2 at 6-8). In that demand letter, Plaintiff Walter Howard Saylor demanded $100,000 in settlement for damages he suffered from an uninsured motorist, while covered by a State Farm insurance policy. (Doc. # 2-3 at 7). Also in that letter, Mr. Saylor indicated that he had only suffered $12,116.14 in economic damages, all of which resulted from medical bills related to injuries suffered in the underlying car accident. (Id. at 5).

On January 6, 2025, the Court ordered State Farm to provide more concrete evidence to establish that it meets the $75,000 jurisdictional threshold. (Doc. # 6). On January 16, 2025, State Farm responded to the Court's order. (Doc. # 16). In that notice, State Farm attached a billing statement from Mr. Saylor's doctors from July 3, 2024, which documents additional medical expenses that Mr. Saylor incurred as a result of his injuries. (Doc. # 16-1). However, this billing statement indicates that Mr. Saylor only incurred an additional $16,773.98 in medical expenses prior to filing suit. (Id. at 8).

State Farm's notice did not raise any additional arguments to satisfy the amount in controversy. (Id.). Accordingly, the Court disagrees with State Farm's arguments in its notice of removal that it has established the amount in controversy. Regarding its reliance upon the demand letter, demand letters do not automatically establish the amount in controversy. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No.3:10-cv-615-TJC-JK 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-SDM-E_J 2010 WL

3

2889218, at *1 (M.D. Fla. July 21, 2010) (same). Rather, courts evaluate whether demand letters "'reflect puffing and posturing'" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

A review of the pre-suit demand letter and the subsequent medical bills shows that Mr. Saylor has only incurred $28,890.12 in medical expenses thus far. (Doc. ## 2-3 at 5; 16-1 at 8). The remaining damages are hypothetical estimates of pain and suffering: $16,560 in past pain and suffering, and $2,543,028 in future pain and suffering. (Doc. # 2-3 at 7). As only $28,890.12 in economic damages had been incurred at the time of removal, with the remaining damages being speculative, the letter's demand for an amount over $75,000 is an aggressive negotiating tactic rather than an accurate assessment of the amount in controversy.

In sum, the record does not show by a preponderance of the evidence that the amount in controversy exceeds $75,000. The complaint alleges a nonspecific amount and the pre-suit demand letter is mere posturing because Mr. Saylor has only proven damages of approximately $28,890.12, while speculating that future pain and suffering will push the total damages

beyond the $75,000 threshold. See Reyes v. Stockhill, 568 F. Supp. 3d 1288, 1292 (M.D. Fla. 2021) ("Courts will not speculate as to the value of damages for pain and suffering."); Johnson-Lang v. Fam. Dollar Stores of Fla., LLC, No. 8:21-CV-902-VMC-CPT, 2021 WL 1625167, at *2 (M.D. Fla. Apr. 27, 2021) (remanding case when defendant "[did] not provide sufficient detail about [the plaintiff]'s pain and suffering or the other unspecified damages she has allegedly experienced"). As such, the Court determines State Farm has not sufficiently demonstrated that the jurisdictional amount in controversy has been satisfied. Therefore, this case is remanded to the Tenth Judicial Circuit, in and for Polk County, Florida.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Tenth Judicial Circuit, in and for Polk County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines and, thereafter, **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>23rd</u> day of January, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE